IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02571-BNB

GARY EDWARD GRAHAM,

Applicant,

v.

EL PASO COUNTY PROBATION DEPARTMENT, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 9 2009

GREGORY C. LANGHAM
                    CLERK

---

ORDER DENYING MOTION FOR INJUNCTIVE RELIEF

---

Applicant Gary Edward Graham currently is under the supervision of the EL Paso County Probation Department in Colorado Springs, Colorado. Mr. Graham initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Subsequently, he filed two similar pleadings titled, "Petitioner's Motion for Expedited Disposition Re Stay of Execution in the Inferior 4th Judicial District Court Upon Pending Application for a Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2254." In the Motions for Expedited Disposition, Mr. Graham requests a stay of his pending, probation-revocation hearing in state court. Mr. Graham asks that this Court stay the pending state-court hearing until the Court has concluded a review of the Application filed in this case. Mr. Graham's Motions for Expedited Disposition will be construed together as a request for immediate injunctive relief and will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues,

that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

Applicant fails to allege specific facts that demonstrate he is facing immediate and irreparable injury. To the extent that Mr. Graham's state, probation-revocation hearing remains pending, and he is seeking relief from this Court regarding the hearing, absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing, state-court, criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995). To establish extraordinary or special circumstances, an applicant must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).

Mr. Graham does not allege any facts that indicate he will suffer great and immediate irreparable injury if this Court fails to intervene in the pending, probation-revocation hearing. He has a heavy burden of proof in order to overcome the *Younger* abstention bar. *Id.* at 1066. "[I]ntervention cannot be predicated on mere allegations; rather, the federal [applicant] must **prove** bad faith or harassment before intervention is warranted." *Id.* Mr. Graham simply asserts that the pending hearing is "wrongful."

2

(Mot. Expedited Disposition at 2.) The fact that Mr. Graham is required to appear in a state-court hearing involving probation violations and possible resentencing, even though he believes the hearing is wrong, is not sufficient to establish great and immediate irreparable injury. See *Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977). Accordingly, it is

ORDERED that Applicant's Motions for Expedited Disposition, (Doc. Nos. 2 and 9), filed on November 25, 2008, and January 15, 2009, are construed together as a request for injunctive relief and are DENIED.

DATED at Denver, Colorado, this 29 day of Jan., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02571-BNB

Gary Edward Graham
PO Box 60851
Colorado Springs, CO 80960

Christine C. Brady
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/29/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk