IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02571-BNB

GARY EDWARD GRAHAM,

Applicant,

v.

EL PASO COUNTY PROBATION DEPARTMENT, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR -3 2009

GREGORY C. LANGHAM
                    CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW IN PART

---

## I. Background

Applicant Gary Edward Graham is subject to probation. He currently resides in Colorado Springs, Colorado. Mr. Graham initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his State of Colorado conviction in Case No. 88CR531. In an order filed on January 7, 2009, Magistrate Judge Boland directed Respondents to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On January 26, 2009, Respondents filed their Pre-Answer. Mr. Graham filed a Reply to the Pre-Answer on February 4, 2009.

In the Application, Mr. Graham asserts that he pled guilty to one count of theft pursuant to Colo. Rev. Stat. § 18-4-401, was sentenced to sixteen years of probation, and was ordered to pay $35.00 per month in restitution in August 1990. He further

asserts that he did not file a direct appeal but that he filed three postconviction motions, the last of which was denied by the Colorado Supreme Court on June 15, 2008.

Mr. Graham raises three claims in the instant action, including that (1) the amount of his restitution, $667,940.93, is inaccurate and arbitrary and capricious; (2) the trial court violated his due process rights when it failed to conduct the requisite hearing to determine his ability to pay the restitution and found he had violated a condition of his probation, even though he did not have notice of the condition; and (3) the trial court violated the Double Jeopardy Clause when during the probation revocation hearing it ordered that he was subject to new conditions of probation.

II. Analysis

The Court must construe liberally Mr. Graham's Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny Claim One as time-barred and Claim Three on the merits and will order Claim Two drawn to a district judge and to a magistrate judge for further consideration.

A. Claim One

Although Respondents assert that Mr. Graham's Application is timely under 28 U.S.C. § 2244(d), they also state that Mr. Graham did not present Claim One until January 8, 2001, when he filed his Colo. R. Crim. P. 35(b) postconviction motion, which

was over nine years after the restitution order was entered in his April 12, 1991, sentencing. Under § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In Claim One, Mr. Graham challenges the calculation of the amount of his restitution. The restitution was determined at the time Mr. Graham originally was sentenced on April 12, 1991. *See State of Colo. v. Graham*, No. 01CA0952, 2 (Colo.

App. June 5, 2003) (unpublished). Mr. Graham did not file a direct appeal. His conviction, therefore, became final on May 28, 1991, forty-six days after his sentencing. *See* Colo. App. R. 4(b) and 26(a). The first postconviction motion that Mr. Graham filed in the state trial court, a Colo. R. Crim. P. 35(b) motion, was filed subsequent to Mr. Graham's July 31, 2000, probation revocation hearing. (Pre-Answer, Ex. D (Colo. Appeal Order, Case No. 01CA0592) at 5.) Even if Mr. Graham raised the restitution issue in the Rule 35(b) motion, the issue was raised in state court more than nine years after his sentencing and clearly is time barred. The Court, therefore, will dismiss Claim One as barred by the one-year limitation period pursuant to 28 U.S.C. § 2244(d).

B. Claim Two

Respondents argue that in Claim Two the issues were only presented in state court as violations of state statutes, and as a result Claim Two is unexhausted. Respondents, nonetheless, do concede that Mr. Graham did articulate Claim Two has a federal constitutional violation in the petition for certiorari review that he filed in Case No. 03CA2647, in the Colorado Supreme Court. (Pre-Answer at 13.)

Mr. Graham asserts in Claim Two that the trial court violated his due process rights when it failed to conduct the requisite hearing to determine his ability to pay the restitution and found him in violation of the conditions of his probation, even though he was not aware of the conditions he was accused of violating. Upon review of Mr. Graham's opening brief in *State of Colo. v. Graham*, No. 05CA2647 (Colo. App. Jan. 31, 2008) (unpublished), the Court finds that Mr. Graham appears to have raised a federal due process claim regarding his ability to pay the monthly restitution payment. (Pre-Answer, Ex. H at 45-46.) Also, upon review of Mr. Graham's opening brief in *State*

4

of Colo. v. Graham, No. 03CA2247 (Colo. App. Sept. 22, 2005) (unpublished), the Court finds that Mr. Graham appears to have raised a federal due process claim regarding the trial court's finding that he violated a condition of his probation, even though he had not been notified of the condition that he was accused of violating. (Pre-Answer, Ex. E at 15-18.) Mr. Graham has exhausted his state court remedies with respect to his assertions in Claim Two.

### C. Claim Three

"The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment," "protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense." *Monge v. California*, 524 U.S. 721, 727-28 (1998). "The Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980). A revocation proceeding simply is not a criminal prosecution to which double jeopardy protections apply. *See Gillespie v. Hunter*, 159 F.2d 410, 412 (10th Cir. 1947) (probation revocation does not constitute double jeopardy). A court is able to impose any sentence in a revocation proceeding which originally might have been imposed. *Id.* Furthermore, "there is no double jeopardy protection against revocation of probation and the imposition of imprisonment." *DiFrancesco*, 449 U.S. at 137; *see Johnson v. United States*, 529 U.S. 694, 700 (2000) (noting that "postrevocation sanctions" are considered "part of the penalty for the initial offense").

5

An increase in a monthly restitution payment does not constitute double jeopardy. A higher monthly payment may have been imposed originally. The amount of restitution that Mr. Graham was sentenced to pay, $667, 940.93, has not changed. Therefore, Claim Three will be dismissed on the merits.

III. Conclusion

Based on the above findings, Claim One will be dismissed as time-barred, and Claim Three will be dismissed on the merits. Claim Two will be drawn to a district judge and to a magistrate judge for further review of the merits. Accordingly, it is

ORDERED that Claims One and Three are dismissed for the reasons stated in this Order. It is

FURTHER ORDERED that Claim Two and the action shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 3 day of April, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02571-BNB

Gary Edward Graham
PO Box 60851
Colorado Springs, CO 80960

Christine C. Brady
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/3/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk